UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE ANGEL S.R.,[1]

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY CORRECTIONAL CENTER, et al.,

Respondents.

No. 1:26-cv-03587-TLN-CSK

A# 213-593-585

**ORDER**

This matter is before the Court on Petitioner Jose Angel S.R.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) Respondents filed an opposition. (ECF No. 7.) Petitioner replied. (ECF No. 13.) At the Court's direction, Respondents filed a sur-reply. (ECF No. 15.) For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual Background

This matter arises out of Petitioner's challenge to his civil immigration detention. Petitioner is a native and citizen of Cuba. (ECF No. 1 at 1.) Petitioner has resided in the United States since 2021.[2] (ECF No. 13 at 1.) Over the last five years, Petitioner asserts he established strong community ties and obtained work authorization. (ECF No. 1 at 1–2.) He applied for asylum and his application remains pending. (*Id.* at 1; ECF No. 7 at 8.) Petitioner has no criminal convictions and Respondents do not argue he is a danger to the community.[3] (*See* ECF No. 7.)

On March 23, 2023, an immigration judge ordered Petitioner removed to Cuba, in absentia. (ECF No. 7 at 41–42.) Petitioner did not appeal the order. (*Id.* at 2, 45.) Immigration authorities did not execute the order.

Three years later, about February 27, 2026, Petitioner was arrested by local law enforcement for a traffic violation. (*Id.* at 8.) On March 1, 2026, Petitioner was transferred to U.S. Immigration and Customs Enforcement ("ICE") custody. (*Id.*) Respondents now seek to remove Petitioner to Mexico, rather than Cuba (the country listed in Petitioner's order of removal). (ECF No. 15.) There is no record of Petitioner receiving notice of third-country removal, nor any evidence that he has been given an opportunity to make a fear-based claim for removal to a third country.

Petitioner has now been detained for over six months. He alleges his civil immigration detention is unconstitutional. (ECF No. 1.)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in

---

[2] Immigration authorities released Petitioner into the country on his own recognizance in 2021 and again in 2022 after a brief re-detention. (ECF No. 7 at 8, 19–25, 36–39.)

[3] Respondents note Petitioner was arrested in 2022, but those charges were ultimately dropped. (ECF No. 7 at 27–34.)

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. Analysis

Petitioner argues his detention without a hearing violates his due process rights and that his continued detention is unlawful because his removal is not reasonably foreseeable. (ECF No. 1 at 4; ECF No. 13 (citing *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001).) In opposition, Respondents argue Petitioner is not entitled to a bond hearing under 8 U.S.C. § 1231(a)(6) and, given Petitioner's alleged lack of cooperation with removal to Mexico, Petitioner has not demonstrated that there is no significant likelihood of removal.[4] (ECF No. 7; ECF No. 15.)

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id*. at 693–94.

8 U.S.C. § 1231(a) governs detention of a noncitizen after a final order of removal has been issued. Under § 1231(a), once a removal order is final, the government must "remove the [noncitizen] from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). During the initial 90-day removal period, the government shall detain the noncitizen. 8 U.S.C. § 1231(a)(2). However, under § 1231(a)(6), certain noncitizens may be detained beyond the removal period, including "[noncitizens] who have been ordered removed, namely, inadmissible

[4] Finding relief warranted under *Zadvydas v. Davis*, the Court declines to address the parties' dispute as to a hearing, in favor of judicial economy. 533 U.S. 678 (2001).

[noncitizens], criminal [noncitizens], [noncitizens] who have violated their nonimmigrant status conditions, and [noncitizens] removable for certain national security or foreign relations reasons, as well as any [noncitizen] 'who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal.'" *Zadvydas*, 533 U.S. at 688 (citing § 1231(a)(6)).

In *Zadvydas*, the United States Supreme Court considered prolonged immigration detention under § 1231(a)(6). 533 U.S. 678 (2001). The Court recognized a presumptively reasonable six-month period of detention to effect removal after an order of removal becomes final. *Id.* at 701. As with all presumptions, the *Zadvydas* presumption of reasonableness is rebuttable. "[O]nce the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the [g]overnment must respond with evidence sufficient to rebut that showing." *Id.* "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Respondents suggest they benefit from the *Zadvydas* presumption because Petitioner had not been detained for six months at the time of their brief. (*See* ECF No. 7.) Although Respondents are no longer entitled to the presumption now that Petitioner has been detained over six months, even assuming they were entitled to the benefit, Petitioner has sufficiently rebutted the presumption and provided good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. For three years the government did not execute Petitioner's order of removal to Cuba. He has never been told whether he can be deported to Cuba and, to his knowledge, Cuba is not accepting Cubans removed from the United States. (ECF No. 13-1.) Petitioner submits a declaration in which he states that he is in detention with other Cubans and none of them have been accepted by Cuba. (ECF No. 13-1.) Additionally, Petitioner argues that, to his knowledge and experience, Mexico will only accept Cubans who agree to go to Mexico, and Petitioner does not agree. (*Id.*; ECF No. 13.) He has consistently refused to sign papers consenting to removal to Mexico. (ECF No. 13-1.) Thus, Petitioner has

made a sufficient showing that he is not significantly likely be removed to either country. (*Id.*) *See Perez Canet v. Blanche*, No. 2:26-CV-00223-APG-NJK, 2026 WL 1091763, at *3 (D. Nev. Apr. 22, 2026).

Respondents do not provide any evidence to the contrary. Respondents state: "The record appears silent as to ICE's current efforts to remove Petitioner to Cuba as ICE is attempting to remove Petitioner to Mexico." (ECF No. 15 at 3.) Yet, Respondents provide no evidence of efforts to remove Petitioner to Mexico beyond repeatedly seeking consent from Petitioner. (*See id.*) Respondents have not obtained a travel document to Mexico, they do not identify the policies or procedures for removal to Mexico, nor reference an agreement that Mexico has agreed to accept Petitioner. (*See id.*) There is no evidence that Petitioner's removal to any country is reasonably foreseeable as required by *Zadvydas* for detention to continue to be authorized.

Respondents argue that Petitioner's period of detention should be extended because Petitioner's refusal to consent to removal to Mexico undermines his showing on foreseeability of removal. (ECF No. 15.) Respondents contend that Petitioner's failure to agree to be removed to a third country should be viewed as unlawful non-cooperation, apparently mandating further detention until Petitioner relents. (*Id.*) But Respondents provide no authority for such a proposition.[5] (*See id.*) Indeed, this District routinely rejects such argument regarding "failure to cooperate" with removal to a third country because there is no obligation for such cooperation. *See Ramirez-Cespedes v. Chestnut*, No. 1:26-CV-5506-TLN-JDP, 2026 WL 2280956, at *3 (E.D. Cal. Aug. 7, 2026), *report and recommendation adopted*, No. 1:26-CV-5506-TLN-JDP, 2026 WL 2413519 (E.D. Cal. Aug. 18, 2026) (citing *Obando Vargas v. Blanche*, No. 1:26-cv-5343-DAD-AC, 2026 WL 2056618, at *2 (E.D. Cal. July 16, 2026) (rejecting the respondents' argument that the petitioner may be detained indefinitely "because [he] is not agreeing to voluntarily depart to a

---

[5] Rather, Respondents cite three cases in which a noncitizen did not cooperate with removal to their native countries named in their removal order, as required, rather than a third country. *Mytyuk v. Ice Field Off. Dir.*, No. C11-1927-RSM-JPD, 2012 WL 1963600, at *3 (W.D. Wash. Feb. 8, 2012), *report and recommendation adopted*, No. C11-1927-RSM, 2012 WL 1963598 (W.D. Wash. May 31, 2012); *Partovi v. Gonzales,* No. Civ 03-1098-PHX, 2005 WL 6348997 (D. Az. Dec. 12, 2005) (report and recommendation); *Lopatin v. Chertoff*, No. 1:08-cv-00199-OWW-JMD-HC, 2009 WL 1357445 at *3 (E.D. Cal. May 11, 2009) (report and recommendation).

country he is not from and is under no legal obligation to go to")); *Ruiz-Acosta v. Cent. Valley Annex*, No. 1:26-CV-04371-DAD-JDP (HC), 2026 WL 1846727, at *3 (E.D. Cal. June 26, 2026). In any event, the mere possibility the Petitioner may some day agree to removal to Mexico (likely to free himself from indefinite ICE detention), is not sufficient evidence to rebut Petitioner's showing that removal is not reasonably foreseeable. The parties are at an impasse. Petitioner refuses to agree to removal to Mexico and Respondents keep asking. Thus, detention is no longer reasonable because the foreseeable future is not shrinking as Petitioner's detention drags on. *See Zadvydas*, 533 U.S. at 701.

On the record before this Court, Petitioner's removal to any country is not reasonably foreseeable, therefore, his continued detention is no longer authorized by § 1231(a)(6) and is unlawful. *Id*. at 699.

## IV. CONCLUSION

Accordingly, the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. Further, IT IS HEREBY ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Jose Angel S.R. (A# **213-593-585**) from custody under an order of supervision. At the time of release, Respondents must provide a copy of this Order to Petitioner and return all of Petitioner's documents and possessions. Respondents must file a **notice of compliance** with this provision by **September 16, 2026.**
2. Respondents are ENJOINED from re-detaining Petitioner absent a travel document for his removal to Cuba or materially changed circumstances and compliance constitutional protections, including a minimum of seven-days' pre-deprivation notice, and strict compliance with the requirements of 8 C.F.R. §§ 241.13(i), 241.4(l).
3. Respondents are further ENJOINED from removing Petitioner to a third country until they first provide a minimum of ten-days' notice of such intent and a meaningful opportunity to assert a fear-based claim for relief from removal. If Petitioner asserts a fear-based claim, Respondents must provide him a meaningful opportunity to be heard before an immigration judge, prior to removal.

4. Petitioner's Motion for Immediate Release (ECF No. 2) is denied as moot.
5. The Clerk of Court is directed to serve this Order on **California City Detention Facility**, enter judgment in favor of Petitioner, and close this case.

IT IS SO ORDERED.

DATE: September 10, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE